# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUBEN HERNANDEZ,

        Petitioner,

v.                                                       Case No. 08-C-499

FEDERAL CORRECTIONAL INSTITUTION,

        Respondent.

## ORDER

On June 9, 2008, Ruben Hernandez filed this petition pursuant to 28 U.S.C. § 2241, asserting that his incarceration is unconstitutional because the sentence imposed was erroneously based on improperly considered prior offenses. Hernandez was convicted and sentenced in this court; he appealed and filed a § 2255 motion following his unsuccessful appeal. He appealed this court's denial of his § 2255 motion but the appeal was dismissed when he failed to file the appellate filing fee.

Petitioner's brief anticipates the central problem, namely: § 2255 is generally the only avenue available to a federal inmate challenging his conviction or sentence. A prisoner may resort to § 2241 only in extremely limited circumstances, such as when an intervening change in law has decriminalized the conduct underlying the petitioner's conviction. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). As the Seventh Circuit has summarized the law:

> A federal inmate seeking to set aside his conviction generally must do so under 28 U.S.C. § 2255 . *See Morales v. Bezy,* 499 F.3d 668, 670 (7th Cir.2007). And if the inmate has litigated a § 2255 motion already-as is true here-he cannot bring another

> without getting our prior permission. *See* 28 U.S.C. § 2255 ¶ 8; *Curry v. United States,* 507 F.3d 603, 604-05 (7th Cir.2007); *United States v. Scott*, 414 F.3d 815, 817 (7th Cir. 2005). Fazzini did not get our permission; instead he sought to proceed by way of § 2241, which can be used to collaterally attack a federal conviction but only if the inmate establishes that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 § 5; *see Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir.2007); *In re Davenport*, 147 F.3d 605, 609 (7th Cir.1998). Fazzini essentially contends that § 2255 provided him with an "inadequate or ineffective" remedy because his motion did not succeed. This contention is without merit.

*Fazzini v. U.S. Parole Com'n.,* 263 Fed.Appx. 483, 485, 2008 WL 341446, 2 (7th Cir. 2008).

Thus, the question is whether § 2255 provided an adequate means of testing the legality of Hernandez's detention, and a number of reasons suggest that petitioner's § 2255 remedy was indeed adequate. First, his appeal of this court's denial of his § 2255 motion was dismissed for failure to pay the appellate filing fee. "A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate, here by failing to appeal from the denial of his section 2255 motion." *Morales v. Bezy,* 499 F.3d 668, 672 (7th Cir. 2007). Because he did not even litigate his § 2255 motion through the appellate stage, he is hard-pressed to suggest that the relief available under § 2255 was somehow inadequate. Second, § 2255 is not "inadequate" merely because the federal habeas statute places severe restrictions on the filing of second or successive § 2255 motions – otherwise, § 2241 would be an all-too-convenient means of circumventing the second-or-successive restrictions in § 2255(h). Thus, the fact that leave to file a second petition under § 2255 would likely be denied does not mean § 2241 is automatically available as an alternative.

Third, § 2255 is deemed inadequate only when the "provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence." *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir.2003). Specifically, § 2255 will

2

be found "inadequate" only when the Supreme Court interprets a statute in a way that the prisoner is actually innocent of the crime for which he was convicted because he was convicted for a "nonexistent offense." *Gravitt v. Veach,* 229 Fed.Appx. 417, 419, 2007 WL 1175735, 2 (7th Cir. 2007) (quoting *United States v. Prevatte,* 300 F.3d 792, 799 (7th Cir. 2002)). Petitioner does not allege actual innocence based on some change in the law; instead, he challenges his sentence and alleges it was erroneous because: he was not indicted by a grand jury in some of the underlying prior offenses; one of the offenses was too old; and two prior offenses "did not fit the criteria set forth in the statute and was no[t] eligible for said enhancement." (Petition at 9.) The petition thus challenges the *sentence* rather than the conviction, and as such he does not even claim that he was innocent of the crime charged due to some post-conviction change in the law. In short, none of the narrow exceptions to the exclusivity of § 2255 apply. Because § 2255 is the proper means of bringing the present challenge, the motion to proceed *in forma pauperis* will be **DENIED**, and the § 2241 petition will be **DISMISSED**.

**SO ORDERED** this ___10th___ day of June, 2008.

           s/ William C. Griesbach
           William C. Griesbach
           United States District Judge

3

Case 1:08-cv-00499-WCG   Filed 06/10/08   Page 3 of 3   Document 4